UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD WORKMAN,

        Petitioner,

v.                                                 CASE NO. 2:06-CV-11129
                                                 HONORABLE DENISE PAGE HOOD

SHERRY BURT,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**I.    Introduction**

This is a habeas case under 28 U.S.C. § 2254. Richard Workman ("Petitioner"), a Michigan prisoner, pleaded guilty to third-degree criminal sexual conduct and delivery of less than 50 grams of cocaine in the Macomb County Circuit Court and was sentenced to concurrent terms of 8 years 8 months to 15 years imprisonment and 3 years 2 months to 20 years imprisonment in 2004. Petitioner has filed a *pro se* petition for writ of habeas corpus challenging his sentence. Respondent, through the Michigan Attorney General's office, has filed a response to the petition contending that the petition should be denied for lack of merit. For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

**II.    Facts and Procedural History**

Petitioner's convictions arise from his and co-defendant Frank Laura's cocaine use and sexual conduct with three teenage boys at Laura's home in Eastpointe, Michigan on September 13, 2003. Petitioner was initially charged with seven counts of criminal activity arising from the

1

incident, but entered into a plea agreement with the prosecution. On May 17, 2004, Petitioner pleaded guilty to third-degree criminal sexual conduct and to delivery of less than 50 grams of cocaine in exchange for dismissal of the other charges. During the plea colloquy, Petitioner acknowledged his understanding of the agreement, the rights that he was foregoing, and that he faced a maximum sentence of 15 years imprisonment on the criminal sexual conduct charge and a maximum sentence of 20 years imprisonment on the drug charge. The parties also agreed to a cap on the minimum sentence, ultimately determined to be eight years and eight months imprisonment. Petitioner denied that any other promises or threats had been made to him to induce his plea. On June 22, 2004, the trial court sentenced Petitioner to 8 years 8 months to 15 years imprisonment on the criminal sexual conduct conviction and to a concurrent term of 3years 2 months to 20 years imprisonment on the drug conviction.

Following sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied leave to appeal. *People v. Workman*, No. 263119 (Mich. Ct. App. Aug. 31, 2005) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Workman*, 474 Mich. 982, 707 N.W.2d 208 (2005).

Petitioner thereafter filed the present habeas petition, asserting the following claims:

I. The trial court violated his constitutional right against cruel and unusual punishment when he pled guilty with the reasonable expectation to receive the same sentence as his co-defendant and received a greater sentence.

II. His sentences are disproportionate and an abuse of sentencing discretion.

Respondent has filed an answer to the petition asserting that it should be denied for lack of merit.

### III.     Analysis

#### A.     Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting

3

*Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented," but did not specifically address Petitioner's claims, and the Michigan Supreme Court denied leave to appeal without discussing the claims. Accordingly, this Court

4

must conduct an independent review of the state court decision. *See, e.g., Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 943. This independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id*.

### B. Cruel and Unusual Punishment Claim

Petitioner first asserts that he is entitled to habeas relief because his sentence constitutes cruel and unusual punishment. Specifically, Petitioner asserts that his sentence is improper because it is longer than his co-defendant's sentence and he pleaded guilty with the expectation that their sentences would be the same.

Wide discretion is accorded a state trial court's sentencing decision and claims arising out of that decision are not generally cognizable upon federal habeas review unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner has made no such showing.

Moreover, there is no federal constitutional requirement that co-defendants receive the same sentence. The critical factor for a court in determining whether a sentence is so disproportionate as to constitute cruel and unusual punishment is whether the sentence is grossly disproportionate to the crimes, not whether the sentence is grossly disproportionate to that received by co-defendants. *See United States v. Easter,* 981 F.2d 1549, 1555-56 (10th Cir.

5

1992). "[C]onstitutional sentencing law does not address the difference between the sentences of two persons convicted of the same particular crime, but rather the proportion between the sentence and the type of crime committed." *See Beachem v. Williams,* 351 F. Supp. 2d 793, 820 (N.D. Ill. 2004) (noting that it could find no Supreme Court case which gave special constitutional scrutiny to the disparate sentences of two participants in a single crime). "[A] defendant cannot rely upon his co-defendant's sentence as a yardstick for his own; a sentence is not disproportionate just because it exceeds a co-defendant's sentence." *United States v. Granados*, 962 F.2d 767, 774 (8th Cir. 1992). A defendant who claims that he received a disproportionate sentence "[m]ust establish more than the mere fact that other defendants have received less harsh sentences for similar crimes." *See United States v. Fry,* 831 F.2d 664, 667 (6th Cir. 1987). The trial court's sentencing of Petitioner to a greater sentence than his co-defendant is not contrary to, or an unreasonable application of, clearly established federal law, as required to support federal habeas relief, particularly given Petitioner's failure to cite any authority supporting his position. *See Tucker v. Hill*, 74 Fed. Appx. 698, 700 (9th Cir. 2003). Habeas relief is thus not warranted on this claim.

Petitioner also seems to be challenging the knowing and voluntary nature of his guilty plea since he states that he pleaded guilty with the expectation that his sentence would be the same as his co-defendant's sentence. When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755

6

(1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing and voluntary. At the time of his plea, Petitioner was 31 years old, could read and write, and had prior experience with the criminal justice system. He was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by entering his plea. The court discussed the plea agreement and informed Petitioner of the maximum sentences he faced upon conviction. Petitioner indicated that he was pleading guilty of his own free will and had not been coerced or threatened. He also indicated that no promises, other than those contained in the plea agreement, had been made to him to induce him to tender his plea.

Petitioner claims that he pleaded guilty with the expectation that he would receive the same sentence as his co-defendant. Petitioner's claim conflicts with his sworn testimony at the plea hearing in which he denied being promised anything beyond what was stated on the record. That record shows that the parties agreed to cap on the minimum sentence and the trial court clearly informed Petitioner of the maximum possible sentence. The fact that Petitioner was subsequently dissatisfied

with his sentence or may have hoped for more lenient treatment does not render the plea unknowing or involuntary. *Brady*, 397 U.S. at 757. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon an alleged off-the-record agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Having carefully reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted.

### C. <u>Disproportionate Sentence Claim</u>

Petitioner also asserts that he is entitled to habeas relief because his sentence is disproportionate and constitutes an abuse of discretion. To the extent that Petitioner claims that his sentence is disproportionate under Michigan law, he fails to state a claim for federal habeas relief. *See Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Petitioner is also not entitled to habeas relief on any claim that his sentence is disproportionate as a matter of federal law. The United States Constitution does not require

8

strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute generally does not constitute cruel and unusual punishment. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). The Sixth Circuit has stated that "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or to life in prison without the possibility of parole. Moreover, his sentence is within the guideline range and the maximum penalty authorized by Michigan law. His sentence does not run afoul of the Eighth Amendment. Habeas relief is therefore not warranted on this claim.

## IV.   Conclusion

The Court concludes that Petitioner has failed to establish that the state courts' denial of relief is contrary to United States Supreme Court precedent or constitutes an unreasonable application of federal law or the facts. Petitioner is not entitled to federal

habeas relief on the claims contained his petition. Accordingly, the petition for writ of habeas corpus is **DENIED**.

    **IT IS SO ORDERED**.

                                                           S/Denise Page Hood
                                                           Denise Page Hood
                                                           United States District Judge

Dated: February 29, 2008

    I hereby certify that a copy of the foregoing document was served upon counsel of record and Richard Workman, Reg. No. 49920, Southern Michigan Correctional Facility, 4002 Cooper St., Jackson, MI 49201 on February 29, 2008, by electronic and/or ordinary mail.

                                                           S/William F. Lewis
                                                           Case Manager